UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| BRIAN C. SUPRENANT, | : | Civ. Action No. 21-10347 (RMB) |
| Petitioner | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| ROBERT CHETIRKIN, ADMIN. AND ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : | |
| Respondents | : | |

This matter comes before the Court upon Respondents' letter request for Petitioner to address how he will proceed on his mixed habeas petition under 28 U.S.C. § 2254, because the New Jersey Superior Court, Law Division, Burlington County has reopened his motion for post-conviction relief, which had originally been dismissed as time barred. (Respondents' Letter Request, Dkt. No. 6.)

28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In 1982, the Supreme Court held that § 2254 requires total exhaustion of available state court remedies before a habeas court may address a state prisoner's federal claims. Rose v.

Lundy, 455 U.S. 509, 522 (1982). After legislative changes were made to federal habeas corpus proceedings, the Supreme Court revisited the total exhaustion rule in Rhines v. Weber, 544 U.S. 269 (2005). The new one-year habeas statute of limitations presented a problem with total exhaustion of state remedies. Id. at 275. For example, if a petitioner filed a timely mixed petition in federal court but the district court dismissed the mixed petition for failure to exhaust after the one-year limitations period expired, this would "likely mean the termination of any federal review." Id.

    Petitioner is presented with this potential problem. If he withdraws his entire habeas petition until he exhausts all of his federal claims, the statute of limitations may bar him from returning to federal court. The Supreme Court in Rhines recognized that districts court have the authority to stay a petition and hold it an abeyance while a state prisoner exhausts his state remedies. Id. at 275-76. There are, however, conditions upon which a district court may grant a stay and abeyance. First, the court must determine whether there was good cause for the petitioner's failure to first exhaust his claims in state court. Id. at 277. Second, the district court must determine whether the unexhausted claims are plainly meritless, in which case it should not grant a stay. Rhines, 544 U.S. at 277. If a stay is appropriate, it must be limited to the time needed to exhaust claims in the state court. Id. at 277-78.

    In the alternative to seeking a stay and abeyance, Petitioner may withdraw his unexhausted claims and proceed only on his exhausted claims. If Petitioner chooses this option, he should be advised that both the statute of limitations and the limitation on second or successive habeas petitions in 28 U.S.C. § 2244(b)(3), (d) may preclude him from bringing any additional habeas claims at a later date.

**IT IS** therefore on this **15th day of December 2021**,

**ORDERED** that, within 30 days of the date of this Order, Petitioner shall submit a writing to the Court in which he either (1) withdraws his unexhausted habeas claims and states he would like to proceed with his habeas petition at this time; or (2) submits a motion for a stay and abeyance of his original habeas petition; and (3) if Petitioner wishes to assert habeas claims not raised in his original petition, he shall also file a motion to amend his petition, including a copy of his proposed amended petition; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order and a blank form "Petition for Relief From a Conviction or Sentence By a Person in State Custody Under 28 U.S.C. 2254" on Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**